UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL UTAH,

                Plaintiff,

-against-

NEW YORK POLICE DEPARTMENT, *et al.*,

                Defendants.

19-CV-10778 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging "human rights violations" and "civil rights violations." By order dated December 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Paul Utah, a Queens resident, filed this complaint regarding events occurring between January 1, 2012, and November 18, 2019. He alleges as follows:

> TD Bank They Put their own Eye there, Wells Fargo Banks They put their own eye there. Manipulated my with school staff/grades at ashford Uiversity, Stingray, Greyhound, Connected to the Civilizans that lived and walked around me, Aggrevated Harrasment, Intimidatons, Assisted Burglary. . . . Entertainment and 2 black females. The Mexican that said call the police at Hi New York City Hostel, Illegal Recording in cabs, using Uber and Lyft, Paying for all my Hotel and Hostel Expenses because I had no wehre to live and it was their fault.

(ECF No. 2 at 5) (errors in original).

Plaintiff seeks $40 million in damages and injunctive relief.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

After Plaintiff filed seven cases in this Court within three days, including this case, the Court warned him that if he continues to abuse the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new civil actions *in forma pauperis* unless he receives prior permission. *See Utah v. TD Bank*, ECF 1:19-CV-10735, 5 (S.D.N.Y. Dec. 3, 2019) (collecting cases). The Court reiterates this warning should Plaintiff file any further cases after his original seven filings.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 6, 2019
       New York, New York

                                                COLLEEN McMAHON
                                        Chief United States District Judge